## GAYLORD GUERNSEY FARMS v. JONES, Collector of Internal Revenue.

No. 534.

District Court, W. D. Oklahoma.

July 7, 1941.

Rainey, Flynn, Green & Anderson, of Oklahoma City, Okl., for plaintiff.

Geo. H. McElroy, Asst. U. S. Atty., of Oklahoma City, Okl., and Arthur L. Jacobs, of Washington, D. C., Atty., Tax Division, Department of Justice, for defendant.

BROADDUS, District Judge.

The court finds the facts to be in accord with the stipulation of the parties filed herein and such stipulation is adopted as the findings of fact of this court, together with facts adduced from evidence offered at the trial, and that said findings of fact are as follows:

I. That the showmen engaged in conditioning, feeding, milking, and caring for plaintiff's show herd on the farm and in preparing and showing said animals at various livestock shows over the country were experienced and skilled in such work.

II. That the bottlers and coolers of milk on plaintiff's farm perform all of their labor on said farm and are engaged in cooling and bottling the milk produced by plaintiff's cows on plaintiff's farm.

III. That the drivers of plaintiff's milk trucks are engaged in delivering directly from plaintiff's farm to market, both wholesale and retail, the milk produced from plaintiff's cows; that the trucks belong to plaintiff and that the drivers are employed by plaintiff for the sole purpose of delivering his milk to market.

IV. That the stenographer is employed part time at plaintiff's down town office, and that her time is devoted to the registration of cattle, keeping of records of pedigreed stock, answering telephone calls relative to milk orders, and in handling correspondence in regard to cattle sales.

V. That the duties of the bookkeeper employed on plaintiff's farm are to keep inventories, records of milk sales and the work time of other employees working on said farm.

VI. That the carpenters do all of their work on plaintiff's farm, their principal duties being to build and repair fences and sheds and to do any other repair work called for; that in addition to this type of work, these men also do other odd jobs around the farm.

### Conclusions of Law.

I. That the showmen in this case were engaged in the performance of agricultural labor incident to the ordinary operation of the farm.

II. That the bottlers and coolers of milk were engaged in agricultural labor; that their activity is agricultural labor in connection with marketing products of the farm, whether said products were delivered to a retail or wholesale market; that the

production of milk is an incident to the operation of the farm and the delivery of milk is agricultural labor within the meaning of the exception contained in the Social Security Act, 42 U.S.C.A. § 301 et seq.

III. That the stenographer is also engaged in agricultural labor, her work being an incident to the successful operation and management of the farm.

IV. That the bookkeeper is engaged in agricultural labor within the meaning of the exception contained in the Social Security Act, his duties being in connection with and incident to the management and operation of said farm.

V. That the carpenters are agricultural laborers; that they are particularly engaged in making the ordinary and usual repairs for the maintenance and upkeep of the farm and are not carpenters in the sense of being in that general business as a commercial enterprise.

VI. The court finds all issues of law in favor of the plaintiff, E. K. Gaylord, owner of the Gaylord Guernsey Farms and against the defendant, H. C. Jones, Collector of Internal Revenue of the District of Oklahoma.

To all of which the defendant excepts and exceptions are allowed.